**JACKSON v. JORDAN & RAWLS et al.**
No. 1538.

Court of Appeal of Louisiana, First Circuit.
Jan. 28, 1936.

Pujo, Bell & Hardin, of Lake Charles, for appellants.

S. I. Foster, of Leesville, for appellee.

DORE, Judge.

This is a suit by plaintiff, Thomas A. Jackson, against the defendants, Jordan & Rawls and their insurer, T. H. Mastin & Co., claiming that on December 26, 1934, while in the employ of defendant Jordan & Rawls, he suffered a hernia. Defendants denied the existence of the hernia and claim that plaintiff has recovered from whatever slight injury he suffered, while in defendant's employ.

The case was tried and resulted in a judgment in favor of plaintiff, from which defendants have appealed.

As is usual in such cases, there is no testimony in the record save from plaintiff's side to the effect that he was injured while lifting a heavy board, 4x12x18, used in repairing a bridge, over which the defendants transported logs. Plaintiff himself sets out in detail the manner in which he was hurt and the pain he felt. He is partly corroborated by a man named Dennis Moore, however not a fellow employee, and another witness, Ward Johnson, one of the truck drivers for defendants. Unless we totally disbelieve the plaintiff and these witnesses, we are bound to conclude that he received an injury of some kind, and an injury received by heavy lifting is a hernia. The district judge believed the plaintiff and his witnesses, and there is no reason we can see why we should not do likewise.

The serious point that is in dispute is with regard to the effect of the injury. There is enough conflict in the medical testimony to arouse some suspicion, and the regrettable part of it is that the testimony of some of the doctors seems to be of a doubtful nature. But, taking into consideration the fact that this man was injured; that he consulted a physician that same

day who found symptoms of hernia and directed a treatment therefor; that he was placed on compensation for four weeks; and there is some substantial testimony to the effect that he has an incomplete, if not a complete, hernia; and, finally, the fact that this is a compensation suit in which everything has to be construed liberally in favor of the employee, and that plaintiff comes with a judgment of the district court in his favor—we are of the opinion that the judgment should be affirmed.

The question as to whether or not the hernia is of traumatic or congenital origin is solved by the preponderance of the evidence, together with the medical testimony in relation thereto, to be in favor of traumatic origin.

The evidence in the case sustains the judgment of the trial judge, and we cannot see where his judgment is manifestly erroneous.

The judgment appealed from is hereby affirmed.